```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                   :
SHANE X. LITTLES,                  :
                                   :
        Petitioner,                :   Civ. No. 14-6371 (NLH)
                                   :
     v.                            :   OPINION
                                   :
UNITED STATES OF AMERICA,          :
                                   :
        Respondent.                :
_____:

APPEARANCES:

Shane X. Littles, #41686-050
    Petitioner, pro se

HILLMAN, District Judge

Petitioner, Shane X. Littles, a federal prisoner confined at the United States Penitentiary in Tucson, Arizona[1] brings this habeas petition pursuant to 28 U.S.C. § 2255, challenging the manner in which the Federal Bureau of Prisons ("BOP") is executing his sentence. For the reasons that follow, this Court determines that it is without jurisdiction to consider this Petition and will transfer the matter to the United States District Court for the Eastern District of Pennsylvania.

---

[1] Petitioner lists his return address as United States Penitentiary Canaan in Waymart, Pennsylvania. However, the Bureau of Prisons' records indicate that Shane Littles, #41686-050, is currently confined at the USP in Tucson, Arizona. It appears that he was recently transferred.

I.  BACKGROUND

According to the allegations of the Petition and previous dockets from Petitioner's prior civil and criminal cases, on or about April 30, 2009, Petitioner entered into a plea agreement in which he pled guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a).  See United States v. Littles, No. 09-cr-0395 (NLH).  On or about October 15, 2009, Petitioner was sentenced by this Court to a term of 68 months' imprisonment.  At the time of his federal sentencing, Petitioner was confined in the Burlington County Jail in Mount Holly, New Jersey.

Petitioner states that in February of 2010 he was sentenced for an unspecified offense in New Jersey state court to five years in state prison.  Prisoner contends that his state sentence was to run concurrent with his federal sentence.  However, he alleges in his Petition that the Bureau of Prisons is running his sentences consecutively contrary to the instruction of the state court judge.  Accordingly, Petitioner contends that he has served time for both sentences and that, as of the date of the filing of his Petition, he had served nine extra months in federal custody.

It appears from Petitioner's submissions that he first served a sentence in state prison and that, at the conclusion of his time in state custody, Petitioner was transferred to federal

custody.  Petitioner states that it was his belief that he would be released at the end of his state prison term.  He asks for relief in the form of "time served[.]" (Am. Mot. 15, ECF No. 3).

## II.   STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994).  A petition must "specify all the grounds for relief" and must set forth "facts supporting each of the grounds thus specified." See Rule 2(c) of the Rules Governing § 2254 Cases in the U.S. District Courts (amended Dec. 1, 2004), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules.

A habeas corpus petition is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004) and Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).  See also Wilkinson v. Dotson, 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005).  Habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his

sentence. See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990).

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady, 251 F.3d at 485-486.  A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence." Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976) (challenging erroneous computation of release date).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

### III. DISCUSSION

The crux of Petitioner's argument is that his state and federal sentences should have run concurrently but that the BOP is running the federal sentence consecutively to the state

sentence.  Petitioner has filed this petition for a writ of habeas corpus under 28 U.S.C. § 2255 seeking credit on his federal sentence for time served in state prison.  However, since Petitioner is actually challenging the execution of his sentence, the Petition will be construed as one filed under § 2241. See Coady, 251 F.3d 480; Barden, 921 F.2d 476; see also Beckham v. United States, Civ. No. 12-4817 (D.N.J. Sept. 3, 2014) (construing petition which requested that petitioner's federal and state sentences run concurrently rather than consecutively, initially filed under § 2255, as a petition filed pursuant to § 2241).

   The proper venue for a § 2241 proceeding is the prisoner's district of confinement. See Meyers v. Martinez, 402 F. App'x 735, 735 (3d Cir. 2010) (per curiam) (citing Rumsfeld v. Padilla, 542 U.S. 426, 443, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004)); see also Toney v. Fishman, No. 12-2108, 2014 WL 1232321 (D.N.J. March 25, 2014) (collecting cases).  Accordingly, this Court lacks jurisdiction over the matter. 28 U.S.C. § 2241(a); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 500 (1973) (personal jurisdiction over a federal habeas corpus petition pursuant to 28 U.S.C. § 2241 lies in the federal judicial district in which the custodian of the petitioner resides); Ahrens v. Clark, 335 U.S. 188 (1948); Yi v. Maugans, 24 F.3d

500, 507 (3d Cir. 1994); Hernandez Jaruffe v. Chertoff, Civ. No. 07-2253, 2007 WL 1521181 (D.N.J. May 22, 2007).

As noted above, Petitioner is currently incarcerated at the United States Penitentiary in Tucson, Arizona.  However, it appears that Petitioner was incarcerated at United States Penitentiary Canaan in Waymart, Pennsylvania at the time he filed this Petition.  It is well established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change. Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004); Ahrens, 335 U.S. 188, 193; White v. Lamanna, 42 F. App'x. 670, 671 (6th Cir. 2002); Santillanes v. U.S. Parole Com'n, 754 F.2d 887 (10th Cir. 1985) (collecting cases); see also Snyder v. Johns, Civ. No. 11-0100, 2011 WL 4352558 (E.D.K.Y. Sept. 16, 2011) (finding that the district in which petitioner was incarcerated at the time the petition was filed retains jurisdiction despite petitioner's transfer to a federal prison in another district).

Since the United States District Court for the Eastern District of Pennsylvania had jurisdiction over this habeas corpus petition at the time the petition was filed, that jurisdiction was not defeated by Petitioner's subsequent transfer.  Accordingly, the proper district for this action is the Eastern District of Pennsylvania.

IV.   TRANSFER

Pursuant to 28 U.S.C. § 1406(a), a district court is permitted to either dismiss or transfer a case to another court even if it does not have jurisdiction. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67 (1962) (establishing that the language of § 1406 is broad enough to authorize the transfer of cases where the plaintiff has filed in a court that does not have jurisdiction over the defendant); Lafferty v. St. Riel, 495 F.3d 72, 77-78 (3d Cir. 2007) (stating that § 1406(a) comes into play when plaintiffs have filed in an improper forum and district courts are required to either dismiss or transfer the case) (citing Goldlawr, 369 U.S. at 465-66). Section 1406(a) provides in pertinent part:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a).

Therefore, in the interests of justice, this Court will transfer this Petition, construed as one filed under § 2241, to the United States District Court for the Eastern District of Pennsylvania. See Telesis Mergers & Acquisitions v. Atlantis Federal, 918 F.Supp. 823, 835 (D.N.J. 1996) (interests of justice dictated transfer under § 1406(a) rather than dismissal for lack of personal jurisdiction); cf. Fritsch v. F/V Anna

Marie, No. 05-34959, 2006 WL 995411, at *3, n. 5 (D.N.J. April 11, 2006) (noting that, under "§ 1406(a), a district court, upon motion or sua sponte may transfer a case to a court of proper jurisdiction when such a transfer is in the interest of justice" and that the court has "'broad discretion in deciding whether to order a transfer'") (quoting Decker v. Dyson, 165 F. App'x 951, 954 (3d Cir. Jan. 19, 2006) (quoting Caldwell v. Palmetto State Sav. Bank of S.C., 811 F.2d 916, 919 (5th Cir. 1987))).

## V.  CONCLUSION

For the reasons set forth above, this case is transferred to the United States Court for the Eastern District of Pennsylvania.  An appropriate Order follows.


                                    s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

Dated: April 9, 2015